UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DEVON TINIUS**<br><br>　　**Plaintiff**<br>v.<br><br>**OFFICER LUKE CHOI, et al.,**<br><br>　　**Defendants** | )<br>)<br>)<br>)  Case No. 1:21-cv-907 (ABJ)<br>)<br>)<br>) |

## PLAINTIFF'S REPLY TO DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

On May 10, 2021, Defendants Luke Choi and the District of Columbia moved to dismiss this case. As grounds therefor, Defendants stated that: 1) the curfew law which was in effect at the time that plaintiff was arrested is not unconstitutional; 2) Plaintiff's common law claim for false arrest fails because the arrest was justified because Officer Choi had probable cause to arrest plaintiff and\or reasonably believed that his conduct was lawful; 3) Officer Choi is entitled to qualified immunity with respect to plaintiff's claims for arrest without probable cause and for violation plaintiff's rights freedom speech and assembly;  4) Plaintiff has failed to state sufficient facts to state a claim for assault and battery and excessive force; and 5) Plaintiff has failed to state sufficient facts to state a claim for violation of her right to equal protection of the law.

On May 31, 2021, plaintiff filed an opposition to defendant's motion to dismiss demonstrating that: 1) the curfew law which was in effect at the time that plaintiff was arrested was unconstitutional because it was and is vague and overly broad; 2) Officer Choi had no legal justification for his arrest of the plaintiff because he did not have probable cause to arrest plaintiff nor did he have a good faith or reasonable belief that

plaintiff had committed a crime; 3) Officer Choi is not entitled to qualified immunity for violation of plaintiff's First Amendment rights to Freedom of Speech and Assembly; 4) Plaintiff has stated sufficient facts to support a claim for assault and battery and excessive force; and 5) Plaintiff has stated sufficient facts to state a claim for violation of her right to Equal Protection of the law.

On June 7, 2021, Defendants filed a Reply to Plaintiff's Opposition claiming that: 1) the District's curfew law was lawful; 2) this Court should apply a rational basis analysis rather than a strict scrutiny analysis in deciding whether the curfew law is constitutional; 3) the curfew law is not unconstitutional because it is not void for vagueness; 4) the curfew law is not unconstitutional because it is not overbroad; 5) Officer Choi can not be held liable for false arrest because he allegedly had a reasonable good faith belief that plaintiff had violated the curfew law; 6) Officer Choi is entitled to qualified immunity on Plaintiff's arrest without probable cause claims under 42 U.S.C. Section 1983; 7) Officer Perez is entitled to qualified immunity on Plaintiff's excessive force claim under 42 U.S.C. Section 1983; and 8) Plaintiff has not stated sufficient facts to state a claim for violation her right to equal protection of the law.

As demonstrated below, there is no merit to any of defendants' contentions. Defendants' motion to dismiss plaintiff's complaint should, therefore, be denied,

## FACTS

### 1. The Curfew Law Should be Judged According to a Strict Scrutiny Analysis.

In support of their argument that a rational basis analysis should apply to the curfew law, Defendants cite four cases, Lorillard Tobacco v. Reilly, 535 U.S. 525, 604 (2001); United States v. Chalk, 441 F.2d 1277, 1281 (4th Cir. 1071); Box v. Planned Parenthood

of Indiana & Kentucky, Inc., 139 S.Ct. 1780, 1782 (2019); and Ward v. Rock Against Racism, 491 U. S. 781, 791 (1989). These cases, however, do not prove the point that Defendants are trying to make, because there is no real discussion in any of these cases as to the level of analysis that should be applied in judging the constitutionality of a curfew law. Defendants have, moreover, conveniently chosen to ignore the cases cited by plaintiff which actually *do* discuss the level of analysis to be applied and these cases clearly demonstrate that curfew laws are subject to a strict scrutiny analysis. See, In re Mosier, 59 Ohio Misc. 83, 89, 394 N.E.2d 368, 372 (Common Pleas Ohio 1978) and Brown v. Ashton, 611 A.2d 599, 606 (Md. Ct. Spec. App. 1992).

The reason why there is a distinction between the cases cited by Defendants and those cited by plaintiff is that the cases cited by Defendants deal only with regulatory matters and time, place, and manner restrictions while the curfew law at issue in this case has the effect of blocking all speech entirely. Simply stated, if a person cannot be in public, it is axiomatic that there will be no opportunity to speak in public. As such, the curfew law at issue here is subject to a strict scrutiny analysis. See, In re Mosier, 59 Ohio Misc. 83, 89, 394 N.E.2d 368, 372 (Common Pleas Ohio 1978) and Brown v. Ashton, 611 A.2d 599, 606 (Md. Ct. Spec. App. 1992).

Defendants next ask, what difference would the level of analysis make? The answer to the question is that it would make a very significant difference because statutes which are subject to strict scrutiny can only be justified by a compelling state interest and if Defendants fail to demonstrate that the statute can meet that test, then the law is unconstitutional and it must be struck down. In re Mosier, 59 Ohio Misc. 83, 89, 394

N.E.2d 368, 372 (Common Pleas Ohio 1978) and Brown v. Ashton, 611 A.2d 599, 606 (Md. Ct. Spec. App. 1992).

Plaintiff further notes that, even if this Court were to apply a rational basis test, the District's curfew law would still fail to pass muster since there is obviously no rational relationship between what the District was trying to achieve; i.e., preventing looting, rioting, burning, and vandalism and the activities that the statute actually prohibited such as walking, biking, running, loitering, standing or driving.

Finally, there is no merit to Defendants' argument that the curfew law actually was narrowly limited to achieve a legitimate governmental purpose. Defendants argue that the statute is appropriately limited because: 1) it does not regulate content; 2) public safety and a pandemic are legitimate governmental interests, and 3) the curfew law did not prohibit other means of communication.

In response, plaintiff notes, first, that the curfew law does regulate content because it effectively blocks all communication. Once again, if an individua is not permitted to be in public in order to speak, it is not possible to communicate *any* content.

Second, although public safety is, of course, a legitimate concern, there is no rational relationship between what the statute was trying to achieve, i.e., preventing looting, rioting, burning, and vandalism and what it effectively banned, i.e., political protest. Clearly, the statute could have been more narrowly drawn since it could have contained an exception which would have prohibited the police from arresting people who were engaged in First Amendment activities such as political protest. Had the statute had such exception the public goal, i.e., the prevention of looting, rioting, burning, and vandalism, could have been achieved without any impact on people who were merely

4

exercising their First Amendment rights, The plaintiff did not present a threat to public safety and any statute which would subject her to arrest merely for speaking in public can not be said to be rationally related to its stated goal.

Third, Defendants newly stated, after the fact, purpose of protecting people from covid (something which was never even mentioned in the original reasons for the curfew) also fails to pass muster. Once again, there is no rational relationship between this stated purpose and the curfew law. Simply banning people from being in public for a night or two would not have any appreciable effect on a virus that has, at last count, infected 33 million people. It is laughable, to say the least, that Defendants are now trying to claim that a two day curfew would somehow have solved the covid pandemic. It should further be noted that the mass arrests triggered by the curfew could only serve to spread the virus rather than to contain it.

Finally, it does not matter that plaintiff allegedly had other means of communication open to her, Plaintiff is not a wealthy person and there is no reason for anyone to presume that she would have had the money or the influence which would have been necessary to gain access to the media to spread her message, It is enough that the statute blocked the one method to which she did have access and, as demonstrated below, the courts who have struck down similar curfew laws have never required an individual to demonstrate all methods of communication have been blocked. The issue has never been whether *all* methods of communication have been blocked, but rather upon whether the means which actually *have* been chosen have been blocked.

  a) <u>The District of Columbia's Curfew Law is and was Unconstitutional Because it is Vague.</u>

Defendants next argument is that the curfew law was not void for vagueness

because parts of it were clear, i.e., everyone knows what "standing" means. The fact that one part of the law may have been clear, however, does not mean that the law, as a whole, was not vague and, as such, the statute as a whole is vague and unconstitutional. Plaintiff further notes that none of the Courts who have actually examined similar laws have allowed the governments involved to escape a finding that a curfew law is unconstitutional by claiming that some part of the law may be clear.

Defendants next argument is that the curfew law is not void for vagueness because it is possible to somehow draw a distinction between "criminal" loitering and "innocent" loitering. In making this argument, Defendants have, of course, only served to re-emphasize the argument that plaintiff is making since it is absurd to think that anyone could actually make such a distinction (at what specific moment does standing in the street somehow become a crime?) and it would obviously leave completely unfettered discretion to the police who will undoubtedly decide that someone is involved in "criminal" loitering rather than "innocent" loitering whenever it suits their purposes.

Finally, Defendants' arguments also pointedly ignore the fact that every court that has considered the issue have found that curfew laws which ban loitering are unconstitutional. See .e.g. <u>Papachristou v. City of Jacksonville</u>, 405 U.S. 156, 162 (1972); <u>Nunez v. San Diego</u>, 114 F.3d 935 (9th Cir. 1997) (Curfew ordinance which made it unlawful for minors to loiter, idle, wander, stroll, or play" held to be unconstitutional)' <u>In re Mosier, op cit</u>. at 97 and 376 (Curfew ordinance which made it unlawful for minors to loiter, idle, wander or play held to be unconstitutional); <u>KLJ v State</u>, 581 So.2d 920, 922 (Fla. Dist Ct. 1991) (Curfew ordinance which made it unlawful to loiter, idle, stroll or play held to be unconstitutional); <u>In Re Doe</u>, 54 Haw. 647, 650, 513 P.2d 1385, 1388

(Hawaii 1973) (Curfew ordinance which made it illegal to loiter in public places held to be unconstitutional); Seattle v. Pullman, 82 Wash. 2d 794, 795, 514 P.2d 1059, 1061 (Wash. 1973) (Curfew ordinance which made it illegal to loiter, idle, wander or play held to be unconstitutional);.Commonwealth v Carpenter; 325 Mass 519, 521, 91 N.E.2d 666,667 (Mass. 1950 ("Prima facie, mere sauntering or loitering on a public ways is lawful and the right of any man." ); Cleveland v. Baker 83 Ohio L. Abs 502, 167 N.E.2d 119 (1960) (Statute making it unlawful to congregate on sidewalks held to be unconstitutional); People v. Diaz 4 N.Y. 2d 469, (470, 176 N.Y.S.2d 313, 315, 151 N.E.2d 871, 872 (1958) (loitering statute void for vagueness); St. Louis v. Gloner 210 Mo.502, 109 S.W. 30 (1908) (Statute prohibiting lounging, standing or loafing on street corners held to be unconstitutional).; Nunez v. San Diego, 114 F.3d 935 (9th Cir. 1997) (Statute which provides no standards by which to distinguish between prohibited and unpermitted conduct held to be unconstitutional because it gives too much unfettered discretion to police officers).

b) <u>The District of Columbia's Curfew Law is and was Unconstitutional Because it is Overly Broad.</u>

Defendants claim that plaintiff's argument about overbreadth is itself overbroad because plaintiff's argument would essentially mean that the government could never impose a curfew law. In response, plaintiff notes that she is not making such a claim. Instead, what plaintiff is saying is that the curfew law at issue *in this case* is overbroad specifically because there is no rational relationship between what it seeks to achieve and what it bans.

Defendants next argument is that the curfew law is not overbroad because it was temporary and limited to a twenty-two hour period. In making this argument, Defendants

have chosen to attack an argument that plaintiff has not made and to ignore the argument that plaintiff actually *has* made which is that the curfew law was is unconstitutional because it did not contain an exception for First Amendment activities.

Defendants have also chosen to ignore the cases cited by plaintiff, all of which hold that a curfew law which does not contain an exception for First Amendment activities is overbroad and unconstitutional. See, e.g., KLJ v State, 581 So.2d 920, 922 (Fla. Dist Ct. 1991); Seattle v. Pullman, 82 Wash. 2d 794, 795, 514 P.2d 1059, 1061 (Wash. 1973) (Statute which makes no distinction between conduct which is intended to harm and that which is essentially innocent held to be unconstitutionally overbroad); Nunez v City of San Diego, 114 F.3d 935, 951 (9th Cir. 1997) (Curfew ordinance which did not contain an exception for legitimate First Amendment activities held to be unconstitutionally overbroad).

2. Officer Choi Had No Legal Justification For His Arrest of the Plaintiff.

Defendants argue that Officer Choi cannot be held liable for false arrest because he had a reasonable good faith belief that plaintiff had violated the curfew law. In making this argument, Defendants have simply repeated the argument, they made in their original motion while at the same time ignoring plaintiff's argument that Officer Choi can be held liable no matter what he reasonably believed because he had no legal authority to make an arrest.

As noted in plaintiff's opposition, Officer Choi's arrest of the plaintiff was illegal and, by definition, a false arrest because Officer Choi had no legal authority to make the arrest because the curfew law upon which he was relying is and was unconstitutional. An unconstitutional law is void *ab initio* and, as such, it affords no protection to an officer

acting pursuant to it..See, Norton v. Shelby, 118 U.S. 425, 442 (1885) ("An unconstitutional statute it is not a law; it confers no rights; it imposes no duties; it affords no protection; it is in legal contemplation, as inoperative as though it had never been passed."); Ex Parte Bockhorn 62 Tex. Cr. 651, 653, 138 SW 706, 707 (Ct. Crim App. Tex.1911) (An unconstitutional statute is of no more validity than a blank piece of paper."); Boales v. Ferguson, 55 Neb. 565, 76 N.W. 18, 19 (Neb. 1898) ("When a statute is adjudged to be unconstitutional, it is as if it had never been … it constitutes a protection to no one who has acted under it …") Sumner v. Beeler, 50 Ind. 341, 342 (Ind. 1875) (All persons are presumed to know the law, and if they act under an unconstitutional enactment of the legislature, they do so at their peril."); Kelly v. Bemis, 4 Gray 83 (Mass. 1855) (The officer could "derive no power or jurisdiction from a void statute. He, therefore, acted without any jurisdiction; and upon familiar and well settled principles, he is liable in this action")

Defendants' argument also ignores plaintiff's contention that Officer Choi could not have had a good faith reasonable belief that plaintiff had violated the curfew law because plaintiff was not in violation of the statute when she was arrested. As noted above, plaintiff was trying to leave in compliance with the orders of the police officers at the time she was arrested. Unfortunately, she was prevented from doing so by Officer Choi and the other police officers who blocked her from leaving the scene. In such a case *where a police officer, himself, has prevented an individual from complying with the law*, plaintiff can not be said to have committed a crime and Officer Choi could not have had a good faith belief that plaintiff had committed a crime. Plaintiff further notes that there is no merit to defendants' contention that plaintiff did not properly allege that she was

trying to leave the scene at the time she was arrested because plaintiff clearly makes such an allegation in paragraph nine of her complaint.

### 3) Officer Choi is not entitled to qualified immunity for violation of plaintiff's First Amendment rights.

Defendants contend that Officer Choi is entitled to qualified immunity with respect to plaintiff's constitutional claims under 42 U.S.C. Section 1983 because plaintiff cannot show that the Officer Choi' conduct violated a clearly established constitutional right at the time plaintiff was arrested. Defendants' argument fails, however, because it only deals with the constitutionality of the curfew law. It does not deal with the argument that plaintiff is making which is that Officer Choi is not entitled to qualified immunity because he would have clearly been on notice, at the time of the arrest, that his actions in arresting plaintiff were illegal. See, Turpin v. Ray, 319 F. Supp. 3d 191, 200 (D.D.C. 2018).

As noted in plaintiff's opposition, plaintiff had not committed a crime at the time of her arrest because she was actively trying to comply with the statue by trying to leave the scene at the time she was arrested. Officer Choi, however, entrapped her (literally) in order to make it seem as if she had committed a crime. Since it was widely known and firmly established that entrapment was illegal at the time that plaintiff was arrested, Officer Choi could not have had a good faith belief that his conduct was lawful and he is not, therefore, entitled to qualified immunity. See, Sherman v. United States, 356 U.S. 369, 372 (1958) ("In Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413 this Court firmly recognized the defense of entrapment in the federal courts."

### 4) Plaintiff has stated sufficient facts to support a claim for assault and battery and excessive force.

10

In their reply, Defendants repeat their claim that the force used by Officer Choi was reasonable because it only involved the application of handcuffs. In doing so, Defendants pointedly decline to address the fact that plaintiff was *handcuffed behind her back overnight for a period of 8 hours,* a set of facts which, in and of itself, clearly establishes that the amount of force used was excessive.

In response, to plaintiff's claim that any application of force was excessive because Officer Choi had no right to even touch plaintiff because plaintiff's arrest was illegal, Defendants assert in response that the arrest was legal which, of course, completely ignore the fact that the arrest was illegal, *ab initio,* due to the unconstitutionality of the curfew law. Simply stated, if the Court finds that the curfew law was unconstitutional, then Officer Choi had no right to touch plaintiff at all and any application of force would be excessive. And since the curfew law is clearly unconstitutional, plaintiff prevails on this claim.

Defendants also ignore all of the <u>Graham v. O'Coonor</u> factors which clearly favor plaintiff.

### 5) <u>Plaintiff has stated sufficient facts to state a claim for violation of her right to Equal Protection of the law.</u>

Defendants once again try to distinguish the way that the plaintiff was treated from the way that the Capitol Hill insurrectionists were treated by claiming: 1) the insurrectionist incident occurred at noon; 2) the insurrectionist incident happened at a different location, and 3) the Capitol Police were also involved in the insurrectionist's arrests. These claims, of course, amount to a distinction without a difference since 1) the same *government* was in power and 2) the facts are similar enough, i.e., protesters subject to a curfew, that a comparison can be made.

6. Conclusion

For all of these reasons, plaintiff requests that Defendants' motion to dismiss be denied.

Respectfully Submitted

/s/ James A. DeVita
James A. DeVita, Esq., D.C. Bar#370578
2111 Wilson Boulevard, #700
Arlington, VA 22201
703-351-5015(o)
703-351-7977(facsimile)
jdevitalaw@gmail.com
Attorney For Plaintiff

Certificate of Service

I hereby certify that a copy of this Reply was electronically served per the Court's electronic filing system this 13th day of June, 2021, on:

Stephanie E. Litos, Esq. Matthew Trout, Esq.
Assistant Attorney General
400 6th Street N.W.
Washington, D.C. 20001
Attorney For Defendants

/s/ James A. DeVita
James A. DeVita, Esq,
Attorney For Plaintiff